UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23026-CIV-GAYLES

**RIZVAN ZIA,** *on behalf of himself and*
*all others similarly situated*,
                   Plaintiff,

        v.

**CITIMORTGAGE, INC., and**
**CITIBANK, N.A.,**
                   Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants CitiMortgage, Inc., and Citibank, N.A.'s Motion to Stay Proceedings [ECF No. 35]. Being fully advised, the motion shall be granted.

The Plaintiff, Rizvan Zia, filed a prospective class action on August 12, 2015, alleging that the Defendants violated two provisions of New York statutory law: Real Property Actions and Proceedings Law § 1921 and Real Property Law § 275. Zia seeks statutory damages, claiming that the Defendants allegedly did not timely present certificates of discharge for his mortgage, which these statutes require.

On April 27, 2015, the United States Supreme Court granted a writ of certiorari in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), on the question of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." The Circuit Courts of Appeals are currently split on this issue.[1] The

---

[1] The Ninth Circuit, in the decision below, answered this question in the affirmative, holding that an individual has standing to sue a defendant for a violation of the federal Fair Credit Reporting Act without alleging actual harm. *See Spokeo, Inc. v. Robins*, 742 F.3d 409, 412-13 (9th Cir. 2014). The Eleventh Circuit seems to be in agreement

1

Supreme Court held oral argument on November 2, 2015, and the final day of the Court's current Term—the final day by which decision is expected—is June 30, 2016. The Defendants contend that if the Supreme Court answers the question presented in the negative, such answer would likely dispose of this entire case. Based on that contention, the Defendants request in the instant motion that this Court stay these proceedings until the Supreme Court issues its decision in *Spokeo*. Zia opposes the motion.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Stays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton*, 520 U.S. at 706. In determining whether a stay is appropriate, some courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed absent the stay; (3) potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). If the court decides to grant a stay, the stay must not be "immoderate or of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwky Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citation and internal quotation marks omitted).

---

with the Ninth Circuit on the issue. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015). The Second, Third, and Fourth Circuits, by contrast, have answered this question in the negative. *See David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013) (rejecting the argument that, in the absence of any concrete injury, the mere "deprivation of [a] statutory right . . . is sufficient to constitute an injury-in-fact for Article III standing"); *Kendall v. Employees Retirement Plan of Avon Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) (rejecting the argument that "either an alleged breach of fiduciary duty to comply with ERISA, or a deprivation of [the plaintiff's] entitlement to that fiduciary duty, in and of themselves constitutes an injury-in-fact sufficient for constitutional standing"); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 176 (3d Cir. 2001) (Alito, J.) (holding that standing is lacking in a suit alleging false advertising under the Lanham Act where the plaintiffs did not allege they were actually harmed by the challenged conduct).

Both Zia and the Defendants have cited several orders issued by district courts throughout this Circuit, some of which have elected to stay actions pending the resolution in *Spokeo* and some of which have not.[2] Zia argues that *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, in which the Eleventh Circuit reiterated the Supreme Court's prior statement that "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute," is binding precedent in this Circuit on the question of whether statutory damages alone are sufficient to confer standing. 781 F.3d 1245, 1251 (11th Cir. 2015). He urges this Court to follow the other courts in this Circuit that have relied on *Palm Beach Golf Center* in finding that a stay is not warranted. On the other hand, the Defendants argue that the present case and *Spokeo* are similar, that a ruling in *Spokeo* could impose new requirements or significantly impact the outcome of Zia's claims, that the duration of the proposed stay is short and definite, that Zia will not be unduly prejudiced by the stay, and that the stay will promote judicial economy.

The grant of a writ of certiorari by the Supreme Court does not change the substantive law to be applied by district courts. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015), *cert. denied sub nom. Gissendaner v. Bryson*, 135 S. Ct. 1580 (2015). That said, "await[ing] a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "a good [reason], if not an excellent one" to grant a stay. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). A decision in *Spokeo* favorable to the Defendants here would have such an effect on the

---

[2] *Compare, e.g.*, *Rodriguez v. DFS Servs., LLC*, No. 15-2601, 2016 WL 369052 (M.D. Fla. Feb. 1, 2016) (staying action pending *Spokeo*), *and Tyler v. Nationstar Mortg., LLC*, No. 15-0532, 2016 WL 420284 (N.D. Fla. Jan. 15, 2016) (same), *with Heidarpour v. C. Payment Co.*, No. 15-0139, 2015 WL 9897728 (M.D. Ga. Nov. 25, 2015) (declining to stay action pending *Spokeo*), *and Speer v. Whole Food Mkt. Grp., Inc.*, No. 14-3035, 2015 WL 2061665 (M.D. Fla. Apr. 29, 2015) (same). The parties have also cited numerous orders from district courts ***outside*** this Circuit that have arrived at opposite conclusions on this issue.

claims in this case: "[t]he Supreme Court's decision in *Spokeo* will likely settle the issue of whether a plaintiff . . . has Article III standing based solely on a bare statutory violation, which is precisely the issue before this Court." *Figueroa v. Carrington Mortg. Servs., LLC*, No. 15-2414, 2016 WL 718289, at *3 (M.D. Fla. 22, 2016). Relying in part on this statement from *Figueroa*, Magistrate Judge Jeremiah McCarthy in the U.S. District Court for the Western District of New York *sua sponte* imposed a stay—over objections from both parties—pending the outcome of *Spokeo* in an action (filed by the same counsel representing Zia in this case) alleging violations of the precise sections of New York statutory law that Zia alleges the Defendants violated here. *See Zink v. First Niagara Bank, N.A.*, No. 13-1076, 2016 WL 787963 (W.D.N.Y. Mar. 1, 2016). Judge McCarthy held that "even if [the] plaintiff were correct" that he undisputedly had standing, under current Second Circuit precedent, for his claim for statutory penalties, "a stay would still be appropriate." *Id.* at *4; *see also Larroque v. First Advantage LNS Screening Solutions, Inc.*, No. 15-4684, 2016 WL 39787, at *2 (N.D. Cla. Jan. 4, 2016) ("To be sure, the Ninth Circuit's *Spokeo* decision holding that a statutory violation alone is enough to confer standing remains binding precedent in this case. But the Supreme Court's decision may deprive Plaintiff of standing, eliminating the Court's jurisdiction over this action.").

The Court has reviewed the decisions of other courts on this issue and—agreeing most closely with the reasoning advanced by Judge Cooke in *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015)—concludes that a stay is warranted in this case. Zia's opposition to the request for a stay is not "without merit," given that *Palm Beach Golf Center* is arguably "binding precedent upon this Court, and [p]laintiff has an interest in bringing his cause of action expeditiously." *Boise*, 2015 WL 4077433, at *6.[3] However, Zia has not shown that he

---

[3] It remains an open question at this juncture whether *Palm Beach Golf Center* **does**, in fact, control in this case. There, the Eleventh Circuit held that the plaintiff had alleged a sufficiently personal or particularized injury to

would be unduly prejudiced or harmed by a short stay of the proceedings.[4] The close of the Supreme Court's current Term is just over three months away (notably, the Term had not yet begun when Judge Cooke granted the stay in *Boise* in July 2015). A stay would not even delay his potential recovery (which Judge Cooke had considered as a relevant factor in *Boise*), as absent a stay the parties would still be in the midst of discovery by the end of June 2016. This case is relatively young, having been filed approximately seven months ago, and the parties have been conducting discovery for only about ten weeks. The Defendants would be harmed if they were forced to engage in several more months of discovery, incurring additional expenses that could all be for naught depending on the Supreme Court's ruling.[5] *See Tel. Sci. Corp. v. Hilton Grand Vacations Co.*, No. 15-0969, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) ("There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice.").

The public interest in judicial economy and efficiency will be promoted by a stay in these proceedings, because a stay "will free up judicial resources without any unfair prejudice or burden

---

provide Article III standing because it had alleged that a fax transmitted by the defendant advertising his dental practice resulted in occupation the plaintiff's fax machine, which the court considered "among the injuries intended to be prevented by the statute." *Palm Beach Golf Center*, 781 F.3d at 1252. Zia has alleged no such personal or particularized injury; he has alleged only that the Defendants violated the New York statutory provisions by failing to timely present mortgage satisfactions. In any event, *Palm Beach Golf Center*'s precedential weight does not impact the Court's decision to grant the Defendants' request for a stay.

[4] The Court is unpersuaded by Zia's argument that he will be prejudiced because Justice Scalia's passing will result in *Spokeo* being held over until the next Term. As the Defendants noted, the Supreme Court has issued several decisions since Justice Scalia's passing that were argued in the months prior. *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. —, 2016 WL 1092414 (U.S. Mar. 22, 2016) (argued Nov. 10, 2015); *Nebraska v. Parker*, 136 S. Ct. — , 2016 WL 1092417 (U.S. Mar. 22, 2016) (argued Jan. 20, 2016); *Americold Realty Trust v. Conagra Foods, Inc.*, — S. Ct. —, 2016 WL 854159 (U.S. Mar. 7, 2016) (argued Jan. 19, 2016); *Lockhart v. United States*, 136 S. Ct. 958 (U.S. Mar. 1, 2016) (argued Nov. 3, 2015).

[5] Zia argues that a favorable decision for the Defendants in *Spokeo* will not affect the outcome of this case because *Spokeo* presents "[t]he narrow question" of Article III standing as it relates to acts of Congress and federal statutes, while the Zia's claims arise from violations of New York statutes. But plaintiffs in federal court must establish Article III standing whether bringing claims arising under state law or federal law, so Zia's argument is based merely on a distinction without a difference. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

on the Plaintiff." *Id.* The length of the stay—slightly more than three months—"is neither indefinite nor immoderate." *Id.* (citing *CTI-Container*, 685 F.2d at 1288). Although Zia would likely prefer to prosecute this case without a delay of a few months, "the potential savings to the parties from unnecessary discovery expenses, as well as potential savings in judicial economy[,] outweigh any hardship on [the plaintiff] that might be caused by the delay." *Figueroa*, 2016 WL 718289, at *3.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendants' Motion to Stay Proceedings [ECF No. 35] is **GRANTED** as follows:

(1) this case is **STAYED** pending the U.S. Supreme Court's resolution of *Spokeo, Inc. v. Robins*, No. 13-1339;

(2) on or before **June 15, 2016**, and every **thirty days thereafter**, the Defendants shall file a report as to the status of *Spokeo*;

(3) within **fourteen days** of the Supreme Court's decision in *Spokeo*, the parties shall confer and advise the Court how the decision impacts the proceedings in this case; and

(4) this case shall be **CLOSED** administratively during the pendency of the stay.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

6